IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |
|---|---|
| IN RE | ) |
| | ) |
| CALVIN JAMES OTTO, | ) CASE NO. 13-30118-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Motion of the United States of America, Social Security Administration for Relief from the Automatic Stay to Exercise Right of Setoff" (Docket No. 12). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Calvin James Otto ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 30, 2012.

The pertinent facts with respect to the instant motion are stipulated between the parties. Debtor was fully insured under the Social Security Act for disability insurance benefits and retirement insurance benefits. Debtor was found entitled to disability insurance benefits in 1983, and continued to collect

those benefits until May, 2005.  The Social Security Administration ("SSA") determined, in April, 2005, that Debtor had been overpaid disability insurance benefits since April, 2002, for a total of $49,178.60 in overpaid benefits.  In October, 2012, Debtor applied for retirement insurance benefits.  The SSA determined that Debtor was entitled to retirement insurance benefits as of September, 2012, but that those benefits were not immediately payable due to Debtor's level of work.

In the instant motion, the SSA seeks relief from the automatic stay in order to assert setoff of the overpayment of disability insurance benefits as an affirmative defense to Debtor's claim for retirement insurance benefits.

Debtor opposes the instant motion, arguing that Social Security benefits are in the nature of an entitlement, rather than a contractual right, and thus are not subject to setoff. Debtor argues that relief can be granted to the government, if at all, on a theory of recoupment.  Debtor argues that recoupment is not applicable in the instant case, because the Debtor's debt to the government does not arise from the same transaction as the government's debt to the Debtor.

Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides for relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

In order to exercise the right to a setoff, a creditor must obtain relief from stay. See MNC Commercial Corp. v. Joseph T. Ryerson & Son, 882 F.2d 615 (2d Cir. 1989).

Under Section 553(a), to maintain a right of setoff, the creditor must prove that a debt exists from the creditor to the debtor which arose prior to the commencement of the bankruptcy case; the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case and the debt and the claim are mutual obligations. Braniff Airways, Inc. v. Exxon Company, U.S.A., 814 F.2d 1030 (5th Cir. 1987).

Section 553(a) of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that -
>
> > (1) the claim of such creditor against the debtor is disallowed;
> >
> > (2) such claim was transferred, by an entity other than the debtor, to such creditor -

>> (A) after the commencement of the case; or
>>
>> (B)(i) after 90 days before the date of the filing of the petition; and
>>
>> (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor -
>
>> (A) after 90 days before the date of the filing of the petition;
>>
>> (B) while the debtor was insolvent; and
>>
>> (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

11 U.S.C. § 553(a).

None of the exceptions stated in Section 553(a) apply in the instant case.

Section 404(a)(1)(A) of the Social Security Act provides in pertinent part:

> (a) Procedure for adjustment or recovery
>
>> (1) Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security, as follows:
>>
>>> (A) With respect to payment to a person of more than the correct amount, the Commissioner of Social Security shall decrease any payment under this subchapter to which such overpaid person is entitled, or

> shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall obtain recovery by means of reduction in tax refunds based on notice to the Secretary of the Treasury as permitted under section 3720A of title 31, or shall apply any combination of the foregoing.

42 U.S.C. § 404(a)(1)(A).

In the instant case, Debtor's debt to the government arose prepetition. The questions of whether the government's debt to Debtor arose prepetition and whether the two claims are mutual depends on the nature of Debtor's entitlement to the Social Security retirement benefits.

In <u>Braniff Airways, Inc. v. Exxon Company, U.S.A.</u>, 814 F.2d 1030 (5th Cir. 1987), the Fifth Circuit held that, although a prepetition debt could not be setoff against a postpetition debt, the right to setoff may be asserted in bankruptcy even though one of the debts involved is absolutely owing but not presently due when the petition is filed. <u>Braniff Airways, Inc. v. Exxon Company, U.S.A.</u>, 814 F.2d 1030 (5th Cir. 1987), <u>citing</u> <u>In re Nickerson & Nickerson, Inc.</u>, 62 B.R. 83 (Bankr. D. Neb. 1986).

The SSA takes the position that Debtor's entitlement to all future retirement benefits accrued prepetition, because Debtor applied for those benefits prepetition, citing <u>Hall v.</u>

Sebelius, 667 F.3d 1293 (D.C. Cir. 2012), cert. denied, 133 S.Ct. 840 (2013) and the unpublished case of Das v. Social Security Administration, 134 F.3d 377, 1998 WL 22064 (9th Cir. 1998).

In Hall v. Sebelius, the plaintiffs sought to disclaim their Medicare Part A benefits, because their private insurers limited coverage for patients entitled to Medicare Part A benefits. In denying the relief sought by the plaintiffs, the court noted that filing an application for Social Security benefits is a prerequisite to entitlement.

In Das v. Social Security Administration, Das applied for Social Security retirement benefits at age 62, despite not being retired at that time. He began receiving benefits at a later date. The benefits were reduced, because Das had applied for benefits before age 65. Das contended that the reduction in benefits should be applied only to the period during which he actually received benefits, rather than the entire time he was eligible for benefit. The court rejected Das' argument, holding that the criteria for entitlement to the benefits required only the attainment of age 62, accumulation of the required number of work quarters, and completion of an application for benefits. 1998 WL 22064. Both Hall and Das are inapposite to the instant case, because they focus on not the receipt of benefits, but rather the completion of eligibility requirements.

6

In Lee v. Schweiker, 739 F.2d 870 (3d Cir. 1984), the Third Circuit held that SSA may not recover previous overpayments from benefits payable after a bankruptcy petition is filed.  The rationale for the Third Circuit's ruling was that a recipient of retirement insurance benefits does not become entitled to benefits for each month until the recipient survives through the last day of the month, citing 42 U.S.C. § 402(a).[1] [2]

The court finds persuasive the rationale stated in Lee v. Schweiker for interpreting when the government's obligation to a Social Security recipient accrues.  The court concludes that, with respect to the benefits to be received by Debtor postpetition, Debtor's entitlement to those benefits arose postpetition.  Accordingly, the Debtor's debt to the government and the government's debt to Debtor lack the mutuality required for setoff.  The court concludes that cause does not exist for lifting of the stay to permit SSA to exercise a setoff against Debtor's postpetition benefits.

Based on the foregoing, a separate Judgment will be entered denying the "Motion of the United States of America,

---

[1] Under 42 U.S.C. § 402(a), a recipient is entitled to a retirement insurance benefit, beginning when the recipient satisfies certain criteria, and "ending with the month preceding the month in which he dies."

[2] The Third Circuit also noted that the primary purpose of Social Security is to provide income security to the recipients.

Social Security Administration for Relief from the Automatic Stay to Exercise Right of Setoff" (Docket No. 12).

Signed at Houston, Texas on April 22, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE